UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON HYPES,<br><br>Plaintiff,<br><br>v.<br><br>LORA,<br><br>Defendant. | CAUSE NO. 1:26-CV-569-GSL-JEM |

OPINION AND ORDER

Devon Hypes, a prisoner without a lawyer, filed a complaint alleging he is being denied constitutionally adequate treatment for an infection at the DeKalb County Jail where he is a pre-trial detainee. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pretrial detainees are entitled to adequate medical care. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). To establish a violation of this right, a detainee must prove: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s

medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). It is not enough for the plaintiff to establish "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted).

Hypes alleges he filed a medical request on August 14, 2026, asking for antibiotics to treat an infection in his arm. He says Nurse Dawn passed the request to the night shift. The complaint does not plausibly allege he needed immediate medical assistance; so, passing his request onto the night shift was not objectively unreasonable. He alleges he spoke to Nurse Dawn on August 17, 2026, and asked to see Nurse Practitioner Lora so he could get antibiotics. Nurse Dawn told him she would see what she could do. This was not objectively unreasonable either. He alleges he spoke to Nurse Dawn for the next four days and she told him he would be seen. It is unclear what Nurse Dawn did, but at most, this alleges negligence.

On August 22, 2025, after the infections spread, Hypes became sick and was in pain. He alleges he showed the infection to Nurse Grace who told him she would try to get to him, but to put in a sick call request because she needed to provide medical care to many other inmates and might not get to him until Sunday. On Sunday, he saw Nurse Grace when she was passing medications and she told him she would see him

that night. These allegations do not plausibly allege this was objectively unreasonable. He alleges she left the jail without seeing him. At most, this alleges negligence.

The next day, the infection was the size of an egg in his left armpit and had spread almost to his elbow with red streaks. Hypes tried to show this to Nurse Dawn, but she told him he would see Nurse Practitioner Lora the next day. These allegations do not plausibly allege Nurse Dawn was objectively unreasonable given his scheduled appointment the next day with the Nurse Practitioner. Moreover, given that he received antibiotics hours later, there is no indication that he suffered any injury due to this brief delay.

In response, he "slapped [his] hand on top of the med card [and] lost it … and demanded treatment." He alleges Nurse Dawn lied about the severity of this event and Sgt. Natalie Shifflet ordered him locked down. Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 539. A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless, not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Without regard to whether Nurse Dawn's description of this even was an exaggeration, Hype's own description shows that

placing him in segregation for security reasons was warranted even if he did not make any overt verbal threats or directly assault Nurse Dawn.

Hours later, Hypes was seen by Nurse Dawn and given an antibiotic. He alleges that after two months, the antibiotic has not worked, but Nurse Practitioner Lora will not offer him any other treatment. This allegation states a claim against Nurse Practitioner Lora for being objectively unreasonable. *See Thomas v. Martija*, 991 F.3d 763, 772 (7th Cir. 2021) ("Persisting in treatment known to be ineffective can [state a claim if doing so] deviate[s] so substantially from accepted professional judgment that no reasonable physician would reach the same judgment.")

Hypes alleges Josh Carpenter wrongfully found him guilty in a disciplinary hearing and punished him with seven months in segregation. It is unclear what offense he was found guilty of. It is unclear why he believes the guilty finding was wrongful. This allegation does not plausibly state a claim. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it

has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Hypes alleges Captain Josh Carpenter and Lt. Zach Shifflet have interfered with his grievances. "[G]rievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[O]fficials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

Finally, Hypes sues Nurse Rose, but he makes no allegations about her. Without any description of what she did or did not do, the complaint cannot state a claim against her.

For these reasons, the court:

(1) GRANTS Devon Hypes leave to proceed against Nurse Practitioner Lora in her individual capacity for compensatory and punitive damages for continuing to prescribe him antibiotics after they had failed to resolve the infection in his left arm for two months after they were started on August 23, 2025, at the DeKalb County Jail in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Grace, Dawn, Rose, Zach Shifflet, Josh Carpenter, and Natalie Shifflet;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Lora at the DeKalb County Jail with a copy of this order and the complaint (ECF 1);

(5) ORDERS DeKalb County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Lora to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 9, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT